## INTERNATIONAL CHEMICAL WORKERS UNION LOCAL NO. 189, Plaintiff,

v.

## PUREX CORPORATION, Defendant.

### Civ. No. 76-0-405.

United States District Court,
D. Nebraska.

Feb. 24, 1977.

---

John P. Fahey, Omaha, Neb., for plaintiff.

Joe P. Cashen, Omaha, Neb., for defendant.

SCHATZ, District Judge.

This matter is before the Court on defendant's motion to dismiss (Filing No. 4) and plaintiff's motion for summary judgment (Filing No. 8).

Plaintiff brought this action pursuant to 29 U.S.C. § 185 to compel defendant to resolve the grievance filed on behalf of an employee of defendant in accordance with an arbitration award which resolved a previous grievance of another employee. Those grievances involve the right of an employee whose employment is terminated prior to passing through the anniversary date of his or her employment to be compensated for accrued vacation time under the terms of the collective bargaining agreement in effect between plaintiff and defendant.

Plaintiff contends that the prior arbitration award determines that an employee need not pass through the anniversary date of his or her employment to become entitled to accrued vacation time. Defendant counters that the instant grievance was not resolved by the prior arbitration, but rather must now be submitted to arbitration under the present collective bargaining agreement.

In *United Electrical Radio and Machine Workers v. Honeywell, Inc.*, 522 F.2d 1221 (7th Cir. 1975), the Seventh Circuit affirmed dismissal of an action brought by a labor union for declaratory and injunctive relief compelling an employer to adhere to four previous arbitration awards in resolving approximately one hundred grievances regarding the course of conduct of the employer subcontracting certain jobs. The Court stated:

> Notions of res judicata are less suited to the informal process of industrial arbitration than to the litigation process and, to the extent that res judicata has been used in arbitration, a strict factual identity has been required. *Id.* at 1228, *citing Avco Corp. v. Local 787 UAW*, 459 F.2d 968 (3d Cir. 1972); *Local 463 UAW v. Weatherhead Co.*, 203 F.Supp. 612 (N.D.Ohio, 1962), *aff'd*, 316 F.2d 239 (6th Cir. 1963); *Michigan Shippers v. Local 299 Teamsters*, 61 LRRM 2466 (E.D.Mich. 1966).

In the instant case the prior award did result in a final and binding determination of the grievance filed by one employee. That determination should be afforded at least precedential value in resolving the instant grievance. But the instant grievance, involving a different employee with a different anniversary date and a different employment period, cannot be said to arise out of the same transaction. In fact, the determinative issue in the first arbitration—the number of weeks the employee worked—is by agreement of the parties not at issue in this litigation. The interpretation of language contained in the collective bargaining agreement regarding employees' anniversary dates was not essential to the first arbitration award and so ought not to be treated as res judicata for purposes of this action.

In view of the well-established principle that doubts regarding the arbitrability of a grievance be resolved in favor of coverage by the arbitration provisions of the collective bargaining agreement (*United Steelworkers of America v. Warrior & Gulf Navigation Company*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960)) the Court determines that the instant grievance should be submitted to arbitration under the terms

of the collective bargaining agreement. A separate order will be entered this date granting defendant's motion to dismiss plaintiff's complaint.