**FUR DRESSERS UNION LOCAL 2F, Fur Floor Workers Union Local 3F, and Fur Dressers Labor Lyceum, Inc., Plaintiffs,**

v.

**Stephen Vincent DeGEORGE and Stephen DeGeorge, and Stroudsburg Fur Dressing Corporation, Defendants.**

Civ. A. No. 76–770.

United States District Court,
M. D. Pennsylvania.

Dec. 22, 1978.

Handler, Gerber & Weinstock, by Ira H. Weinstock, Elliot A. Strokoff, Harrisburg, Pa., for plaintiffs.

Robert H. Nothstein, Lee, Fritz & Nothstein, Stroudsburg, Pa., Thomas Beckley, James P. Cullen, Beckley & Madden, Harrisburg, Pa., for defendants.

## MEMORANDUM

HERMAN, District Judge.

Plaintiffs, labor organizations, filed this action on June 17, 1976 seeking damages for an alleged breach of an agreement between Plaintiffs and Defendants under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. On October 13, 1977 Defendants filed an answer denying liability and also brought a three-count counterclaim against the Plaintiffs. Count I of the counterclaim alleges the labor organizations breached their agreement with Defendant Stroudsburg Fur Dressing Corporation and seeks damages. Count II of the counterclaim alleges a cause of action under section 303 of the Act, 29 U.S.C. § 187, based upon unlawful secondary activity engaged in by the Plaintiff labor organizations. Count III alleges a claim under Pennsylvania law for tortious interference with business relationships. Plaintiffs on November 23, 1977 filed a motion to dismiss the counterclaims and by our memorandum and order of June 29, 1978 the motion to dismiss was denied as to Count II and granted as to Count III. We then elected to treat the motion as to Count I of the counterclaim as a motion for summary judgment and deferred a ruling on the motion until additional materials were submitted. Plaintiffs have now submitted the additional materials and have also filed a motion to reconsider our prior memorandum and order. Defendants have filed responsive briefs and the matter is now ready for a determination of the motions.

Count I of the counterclaim will be dismissed as the claim raised therein of breach of contract is arbitrable and should be first submitted to arbitration in accordance with the collective bargaining agreements entered into between the parties. Count II of the counterclaim will not be stayed pending arbitration of Count I as this claim states a separate and distinct cause of action that will not be affected by the outcome of the arbitration. Therefore, the case will proceed to trial on the counts raised in the complaint and Count II of the Defendants' counterclaim.

The first issue that must be addressed is whether Count I of the counterclaim is barred by the doctrine of res judicata. In our prior order of June 29, 1978 we postponed a decision on the question of whether the allegations of Count I had been previously submitted to arbitration. We now have reviewed the materials submitted on this issue, including the transcript of the arbitration hearing, the arbitration award, and the framing of the issues in the submis-

sion. It is now clear that res judicata should not bar Count I of the counterclaim as a result of the arbitration between Stroudsburg Fur Dressing Corporation and Plaintiff unions.

■ Res judicata does not bar the claim in Count I of the counterclaim, which alleges the labor organizations breached their agreement with Defendant Stroudsburg Fur Dressing Corporation, as this specific issue was not resolved by the arbitration proceedings. The submission framed the issues in terms of illegal lock-out and whether the Defendant Stroudsburg Fur Dressing Corporation had been in breach of the collective bargaining agreements. However, the arbitrator was not specifically requested to determine if the union had breached the agreements. Therefore, while the Defendant corporation did present evidence concerning the allegations now raised in Count I of the counterclaim at the arbitration proceeding in defense, this mere presentation of evidence at the informal arbitration proceeding is not sufficient to bar the counterclaim under the doctrine of res judicata.

■ The res judicata doctrine is generally more strictly applied where the first proceeding is arbitration rather than a court proceeding. As noted in *United Electrical Radio and Machine Workers v. Honeywell Inc.*, 522 F.2d 1221, 1228 (7th Cir. 1975), "notions of *res judicata* are less suited to the informal process of industrial arbitration than to the litigation process, and, to the extent that *res judicata* has been used in arbitration, a strict factual identity has been required." In this circuit it has been held that res judicata does not bar subsequent arbitration when the issues disposed of in the first arbitration were not identical. *Avco Corporation v. Local Union No. 787, UAW*, 459 F.2d 968, 973 (3d Cir. 1972); *See also, Acmat Corporation v. International Union of Operating Engineers*, 442 F.Supp. 772, 783–85 (D.Conn.1977); *Brennan v. D. J. McNichol Co.*, 439 F.Supp.

499, 503 (E.D.Pa.1977); *International Chemical Workers Union, Local No. 189 v. Purex Corporation*, 427 F.Supp. 338, 339 (D.Neb.1977). Therefore, since the issues at the arbitration proceeding are not identical to the issues presented by Count I of the counterclaim, it will not be held to be barred by the doctrine of res judicata.

The second question presented involves the motion to reconsider the prior order of June 29, 1978 in which we held that the Defendants were not required to arbitrate their claim that Plaintiffs breached the collective bargaining agreements between the parties. In that memorandum we noted the ambiguity of the arbitration clauses contained in the agreements between the parties and determined that the intent of the parties was only to arbitrate during the life of the agreement. Also, it was stated that Plaintiffs lost their right to insist on arbitration of the counterclaim by instituting suit on issues that concern the relationship between the parties. On our reexamination of the agreements, arguments of the parties, and the case law, the prior decision with respect to the questions of duration and waiver will now be altered.

All of the four collective bargaining agreements between the parties contained an identical broad arbitration clause which reads: "The Impartial Chairman shall have jurisdiction to hear and determine all questions that may arise between the parties concerning the construction, applicability and intent of any provisions of this agreement and shall have jurisdiction of all disputes that may arise out of any matter by reason of the relationship created by this agreement."[1] Clearly, the allegations in Count I of the counterclaim of sabotage and disruption of business operations concern disputes that arose by reason of the relationship created by the various agreements. Therefore the allegations in Count I of the counterclaim that the union breached the agreements seems to fall well within the arbitration clauses as agreed to by the parties.

1. See, defendants' exhibits 1 (Article VIII, page 8), 2 (Article IX, page 14), 4 (Article IX, page 14) and 5 (Article VII, page 9).

Each of the four agreements contains language that limits the adjustment of dispute provisions to the duration or life of the particular agreement. In our former reading of these provisions we determined that this language showed an intention on the part of the parties to only arbitrate disputes arguably within the arbitration clause during the life of the agreement. Now, after reexamining these provisions, however, we believe that the real intention of the parties was to arbitrate all disputes that arose during the life of the agreements. The allegations contained in Count I of the counterclaim did arise while the agreements were in effect and therefore as provided by the agreements, the employer should have submitted the claims to arbitration and must now submit them to arbitration as he contracted to do.

■ The general rules as developed by the United States Supreme Court in the *Steelworkers Trilogy*[2] and subsequent cases must be applied to the facts presented in Count I of the counterclaim. The Supreme Court in the *Steelworkers Trilogy* articulated the national policy in favor of resolving labor disputes according to the procedures agreed upon by the parties and noted that courts should resolve questions of interpretation by applying a strong presumption in favor of arbitrability. This presumption in favor of arbitrability applies to the interpretation of contract provisions going to the scope of arbitral authority. *Avco Corporation v. Local Union, No. 787, UAW*, 459 F.2d 968, 973 (3d Cir. 1972). In *Warrior & Gulf*, 363 U.S. at 584–85, 80 S.Ct. at 1354, the Supreme Court stated, "In the absence of any express provision excluding the particular grievance from arbitration, we think only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail, particularly where . . . the arbitration clause is quite broad." Applying these general principles to the facts in the instant case, the Defendants must be required to submit the dispute arising under the agreement to arbitration as they bargained to do in exchange for the promise by the union not to strike.

■ The Defendants thus have failed to exhaust the arbitration procedures which is a prerequisite to judicial review of a dispute under Section 301. *See, California Trucking Ass'n v. Corcoran*, 74 F.R.D. 534, 547 (N.D.Cal.1977); *Drake Bakeries v. Bakery Workers*, 370 U.S. 254, 82 S.Ct. 1346, 8 L.Ed.2d 474 (1962); *Local Union No. 11 v. Thompson Electric*, 363 F.2d 181, 184 (9th Cir. 1966). It is our duty to enforce an agreement of labor and management to arbitrate their disputes, *see, Bechtel Corporation v. Local 215, Laborers' International Union*, 544 F.2d 1207, 1214 (3d Cir. 1976), and therefore Defendants must arbitrate the claims they present in Count I of the counterclaim.

■ Defendants argue that under the compulsory counterclaim requirements of Rule 13(a) of the Federal Rules of Civil Procedure that they are required to present the claim in the present suit. An exception to Rule 13(a) arises, however, when the counterclaim falls within the scope of a collective bargaining agreement. *See, Wright and Miller, Federal Practice and Procedure, Civil § 1412 (1971); 3 Moore's Federal Practice § 13.02, n.22. In Local Union No. 11, AFL–CIO v. G. P. Thompson Electric, Inc.*, 363 F.2d 181 (9th Cir. 1966), the rule was articulated that claims within an arbitration clause are not compulsory counterclaims within Rule 13(a) and that they would not be waived by the failure to assert them in any ongoing judicial action. The court noted that in bypassing arbitration and asserting counterclaims as to controversies otherwise arbitrable, the desired intent and purpose of the arbitration agreement would be effectively frustrated. *Id.* at 185. Either party to a labor agreement can ordinarily insist on arbitration of disputes, *see, United Steelworkers of America*

---

**2.** *United Steelworkers of America v. American Mfg. Co.*, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).

*v. Mesker Bros. Industries, Inc.,* 457 F.2d 91, 95 (8th Cir. 1972), and here the Plaintiffs have refused to waive their right to arbitration of the disputes raised in Count I of the counterclaim. *See, Woody v. Sterling Aluminum Products, Inc.,* 244 F.Supp. 84, 91 (E.D.Mo.1965); *ITT World Communications, Inc. v. Communications Workers,* 422 F.2d 77 (2d Cir. 1970). Also, the termination of a collective bargaining agreement does not automatically extinguish a party's duty to arbitrate grievances arising under the contract, and such expiration does not terminate the parties' contractual obligation to resolve such a dispute by an arbitral rather than a judicial forum when the dispute arises during the life of the agreement. *See, Nolde Brothers, Inc. v. Local No. 358, AFL–CIO,* 430 U.S. 243, 251, 97 S.Ct. 1067, 51 L.Ed.2d 300 (1977). Therefore, Plaintiffs have the right to demand that this arbitral dispute, raised in Count I of the counterclaim, be submitted to arbitration even though the contract has since expired and even though they have brought the Defendants into court on a related matter.

The final issue presented by the pending motions is whether Count II of the counterclaim should be stayed pending arbitration of Count I. Plaintiffs rely on *Bechtel Corporation v. Laborers Local 215,* 544 F.2d 1207 (3d Cir. 1976), for the proposition that an action under Section 303 should be stayed if the arbitrator's determination on a related question would aid the court in determining the issues presented under Section 303. Count II, a Section 303 action, alleges that Stroudsburg Fur Dressing Corporation was damaged by Plaintiff unions' unlawful secondary boycott activity directed at neutral third parties. Count II thus concerns different factual issues, and different legal principles and the outcome of Count I will not necessarily affect the outcome of Count II. Bechtel Corporation is not controlling as in that case resolution of the claim submitted to the arbitrator, if resolved in favor of the plaintiff, could have obviated the need to try the Section 303 action. That is not the circumstance in the present case and therefore Count II will not be stayed pending arbitration of Count I.

An appropriate order will be entered.