OIL, CHEMICAL AND ATOMIC WORK-
ERS INTERNATIONAL UNION,
LOCAL NO. 4–16000, Plaintiff,

v.

ETHYL CORPORATION, Defendant.

Civ. A. No. H–79–1488.

United States District Court,
S. D. Texas,
Houston Division.

· Oct. 3, 1979.

**954**

William N. Wheat, Arlington, Tex., for plaintiff.

L. Chapman Smith, Joseph R. Weeks, Baker & Botts, Houston, Tex., for defendant.

## MEMORANDUM AND ORDER

McDONALD, District Judge.

Plaintiff, a local union representing employees at defendant's plant, brings this suit pursuant to § 301 of the National Labor Relations Act, 29 U.S.C. § 185, to confirm and enforce a 1973 Arbitrator's Award rendered in connection with a labor dispute under a collective bargaining contract. Plaintiff requests in its complaint damages and injunctive relief. Defendant alleges that the complaint fails to state a claim upon which relief can be granted and has filed a Motion to Dismiss pursuant to 12(b)(6) Fed.R.Civ.P..

Plaintiff seeks to preliminary enjoin the defendant from authorizing supervisors to perform hourly rated work in the sodium section of defendant's plant allegedly in violation of their contract. An Arbitration Award in favor of the union had been rendered in 1973 in another dispute involving supervisors performing hourly rated work in another section of the plant. Plaintiff maintains that the current acts in the sodium section are covered by the 1973 award and thus an injunction should issue to confirm and enforce that award. Defendant urges a more limited interpretation of the 1973 award and argues that the present controversy is a new labor dispute, wholly outside the scope of the previous award, and should itself be submitted to arbitration.

A hearing was conducted on August 9–10, 1979, on plaintiff's Request for Preliminary Injunction and defendant's Motion to Dismiss. At the conclusion of plaintiff's evidence, the Court granted defendant's Motion to Deny plaintiff's Request for a Preliminary Injunction and directed the parties to submit proposed Findings of Fact and Conclusions of Law upon defendant's Motion to Dismiss. For the reasons stated below the Court denies plaintiff's Request for a Preliminary Injunction and grants defendant's Motion to Dismiss.

Plaintiff Oil, Chemical and Atomic Workers International Union, Local 4–16000, and defendant Ethyl Corporation are contractually bound to arbitrate any grievance that arises under their collective bargaining contract. Article XII of the contract, entitled "Supervisor's Working," provides:

Supervisory and salaried employees will not be authorized to perform work on an hourly rated job, except in the following types of situations:

a. When it is necessary for the supervisor or foreman to act for the safety of personnel or equipment,

b. Instruction or training of employees, and

c. Performance of necessary experimental, special mechanical, or research and development work deemed necessary by the COMPANY.

In 1973 arbitration was sought in response to a grievance filed by the union that the company had held over supervisor Johanson to perform hourly rated work on the "train crew" in violation of Article XII (then numbered Article XI). Arbitrator White entered a final Award finding that "[t]he actions of company represented by Johanson working on August 18, 1970, and September 9, 1970, as set out under *Facts*, constituted violations" of the contract and ordering the company to "desist from like violations."

Since Arbitrator White's Award, the plaintiff has filed many grievances protesting other instances involving different supervisors doing different types of work in which defendant allegedly violated the contract by allowing supervisors to perform hourly rated work. Some of these grievances were resolved to the plaintiff's satisfaction in discussions with the defendant. Others, however, remain outstanding.

Recently, several employees have observed supervisory personnel performing hourly rated work in the "sodium" section of defendant's plant. Plaintiff contends that this practice violates the terms of the collective bargaining contract and the 1973 Arbitration Award. Although plaintiff has made a verbal complaint to the defendant, it has not filed a written grievance to protest defendant's additional supervisors in the "sodium" area and has not otherwise sought to utilize the parties' grievance-arbitration procedure as provided in the contract.

■ When, as in this case, the collective bargaining contract forming the basis for the Court's jurisdiction under 29 U.S.C. § 185 contains a provision providing for mandatory arbitration to resolve disputes concerning alleged violations of the contract, the authority of the Court is narrowly prescribed. The Court's role is generally limited to requiring a reluctant party to arbitrate disputes made subject to arbitration by the agreement, and requiring a reluctant party to abide by an award rendered by an arbitrator if the party had agreed to arbitration and if the award sought to be enforced is within the arbitrator's jurisdiction. *See* generally *United Steelworkers v. American Manufacturing Co.,* 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); *United Steelworkers v. Warrior & Gulf Navigation Company,* 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *United Steelworkers v. Enterprise Wheel & Car Corporation,* 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).

■ In an action to enforce an arbitrator's award, a "strict factual identity" must be shown by the plaintiff between the facts on which the arbitrator's award was based and the circumstances relied on by the plaintiff to show the noncompliance complained of. *Electrical Workers v. Honeywell, Inc.,* 522 F.2d 1221 (7th Cir. 1975), cited with approval, *ACMAT Corporation v. Operating Engineers,* 442 F.Supp. 772, 783–84 (D.Conn.1977). *See also Avco Corporation v. UAW,* 459 F.2d 968, 973 (3rd Cir. 1972); *International Chemical Workers Local 189 v. Purex Corporation,* 427 F.Supp. 338, 339–40 (D.Neb.1977). If a "strict factual identity" is not established, a district court cannot permit a party to a collective bargaining contract with an arbitration clause to escape its duty to submit to arbitration claims of an alleged violation of the agreement's substantive provisions. *Electrical Workers v. Honeywell, supra.*

■ The present dispute between plaintiff and defendant involves the use by defendant of supervisors in the "sodium" area. There has been no determination by an arbitrator that this practice does not fall under one of the three exceptions to the contractual provisions prohibiting supervisors from performing hourly rated work or is not otherwise allowable under the parties' agreement. Plainly, there is no "strict factual identity" between the circumstances involved in the present dispute and the facts upon which Arbitrator White's award was based. The present controversy concerns different supervisors performing different types of work in a different section of defendant's plant. The facts upon which Arbitrator White's 1973 opinion was based—supervisor Johanson's working in

the railroad section—are not before this Court. Because of their failure to establish the requisite factual identity, plaintiff's complaint fails to state a claim upon which this Court may grant relief. *Newspaper Guild, Local 69 v. Hearst Corporation,* 504 F.2d 636 (9th Cir. 1974); *Machinists v. Howe Sound Company,* 350 F.2d 508 (3rd Cir. 1965); *Bonnot Construction Company v. Independent Unions,* 331 F.2d 355 (8th Cir. 1964). *Cf. Republic Steel Corporation v. Maddox,* 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965).

█ For the reasons set out above, plaintiff has failed to show a sufficient likelihood of success on the merits of the case to justify the issuance of a preliminary injunction. Moreover, plaintiff has failed to set forth the other factors required to be shown in order to obtain a preliminary injunction. *See* generally *Jacksonville Maritime Assoc. v. Intern'l Longshoremen's Assoc.,* 571 F.2d 319, 322–23 (5th Cir. 1978). Plaintiff has now shown that it lacks an adequate remedy at law and is thus entitled to this extraordinary equitable relief. Plaintiff may be able to frame a grievance for arbitration, broader than that involved in the 1973 Arbitration Award, and obtain a decision covering acts like those which are at issue in this suit. Plaintiff, having failed to establish that another arbitration procedure would be futile, has not exhausted its remedies under the collective bargaining contract and therefore does not lack an adequate remedy at law.

█ The only harm identified by plaintiff which might occur if a preliminary injunction is not granted is the possible decision by some of the members of plaintiff to withdraw, at some future date, their authorization for defendant to automatically deduct their union dues from their wages and forward such sums to plaintiff. The nature of this harm is neither immediate, sufficiently certain, nor irreparable and therefore cannot justify the issuance of a preliminary injunction.

Finally, the harm identified by plaintiff was not shown to outweigh the harm which defendant would suffer if it is required by preliminary injunction to alter its staffing in the "sodium" area of its plant. For this reason as well, therefore, the issuance of a preliminary injunction is not justified. The plaintiff's failure to meet several of the requirements for obtaining a preliminary injunction is fatal to his motion and consequently the Court will not address the question of whether the public interest will be served by granting plaintiff's motion.

Having denied plaintiff's request for preliminary injunction, the Court further concludes that the plaintiff's complaint fails to state a claim upon which relief can be granted. Consequently, it is hereby

ORDERED, ADJUDGED, and DECREED that defendant's Motion to Dismiss the complaint is GRANTED.