GENERAL TEAMSTERS, CHAUFFEURS, HELPERS AND WAREHOUSEMEN UNION OF AMERICA, Local Union No. 261, an unincorporated association, Plaintiff,

v.

LAWRENCE–MERCER COUNTY BUILDERS ASSOCIATION, an unincorporated association; George W. Blank Supply Company, a corporation, Taylor Ready-Mix Concrete Company, a corporation, Campbell Company, a corporation, and New Castle Duntile Company, t/a Castle Builders Supply Company, a corporation, Defendants.

Civ. A. No. 80–560.

United States District Court,
W. D. Pennsylvania.

Dec. 16, 1980.

Samuel J. Pasquarelli, Jubelirer, Pass & Intrieri, Pittsburgh, Pa., for plaintiff.

Debra D. Patti, MacMullan & Associates, Pittsburgh, Pa., for defendants.

## OPINION

TEITELBAUM, District Judge.

The action *sub judice* involves two separate classes of defendants. One defendant is Castle Builders Supply Company; the second class encompasses the remaining members of the Builders Association captioned above. This matter presents the novel issue of whether the failure to plead an affirmative defense is a waiver of the defense in an identical issue in a subsequent suit. This Court finds that failure to plead the defense of illegality as provided for by Fed.R.Civ.P. 8(c) in a prior civil action involving plaintiff Local 261 and defendant Castle Builders Supply is a bar to raising the same issue with respect to Castle Builders by Local 261 in the present litigation. Therefore, defendant Castle Builders Supply Company's motion for summary judgment will be granted.[1]

In a previous decision, *Zaucha et al, Trustees v. Castle Builders Supply v. Teamsters Local 261*, Civil Action No. 77–1413, this Court found that the defendant Castle Builders Supply was obligated to make pension payments to the plaintiff Trustees. The claim of Castle Builders Supply for indemnification from the third party defendant Local 261, which arose under Article XIII,[2] a "most favored nation" provision of the parties' collective bargaining agreement, was ordered to arbitration. This order sustained the contentions of Local 261 that arbitration was the exclusive method of resolution of this question of indemnification; that compulsory arbitration was required by the parties' contract; and the Court, absent arbitration, was without jurisdiction to hear the claim.

Pursuant to this Court's order, the parties commenced arbitration. An award was entered in favor of Castle Builders Supply and against Local 261. The Union now seeks declaratory relief preventing enforcement of the arbitration award. The Local contends that the award was arbitrarily and capriciously entered since the arbitrator failed to consider the potential illegality of Article XIII under the federal antitrust laws. Defendant Castle Builders Supply has moved for summary judgment contending that since the Local failed to assert illegality in either the prior civil action or in the arbitration proceeding, it is precluded

1. The remaining members of the Lawrence-Mercer County Builders Association were not parties to the prior suit between Local 261 and Castle Builders Supply and therefore may not raise this issue.

2. ARTICLE XIII

SECTION 1. It is understood and agreed that the Union will not enter into any agreement with any building and supply dealer within the area designated herein upon more favorable terms to such other employers than are embodied in this agreement, unless this agreement is amended so as to afford to the parties to this agreement the same terms.

from doing so in this suit. Castle Builders Supply alleges that illegality is an affirmative defense as defined by Fed.R.Civ.P. 8(c) that is waived if not timely pleaded; therefore Local 261 should be estopped from raising the issue of illegality for the first time in this third proceeding. Alternatively, Castle Builders Supply maintains that either its contract with the union falls within the labor exemption to the antitrust laws or if the exemption is inapplicable, the contract is not in violation of the Sherman Act (15 U.S.C.A. §§ 1–7).

■ Illegality of a contract may be raised as a defense to the duty to arbitrate and should be raised in an action involving the contract. The Union's failure to plead illegality alternatively with their demand for compulsory arbitration operates as a waiver of the defense in this suit. The Court need not consider the labor exemption with respect to the parties' bargaining agreement.

Illegality is an affirmative defense that is subject to waiver if not timely raised. See, Fed.R.Civ.P. 8(c), *International Brotherhood of Electrical Workers, Locals 12, 111, 113, 969 v. Professional Hole Drilling*, 574 F.2d 497 (10th Cir. 1978). The thrust of the parties' claims in this action concerns illegality as a defense to the duty to arbitrate. See, 9 U.S.C.A. §§ 3, 4. Both Castle Builders Supply and Local 261 rely on a Seventh Circuit decision, *Associated Milk Dealers, Inc. v. Teamsters Local 753*, 422 F.2d 546 (7th Cir. 1970). There the Court of Appeals held that since a contract provision which may be illegal under the antitrust laws presents a defense to the duty to arbitrate and is not itself an appropriate issue for arbitration, the district court erred in summarily dismissing the proceeding without receiving evidence on the question of illegality. The appellate court reasoned that requiring a party to await an arbitration award before allowing illegality to be raised would have the effect of discouraging private enforcement of the antitrust laws, an underlying policy of the Sherman Act. This Court recognizes a line of cases that hold claims contained in an arbitration

clause of a collective bargaining agreement are not compulsory counterclaims and are not required to be raised in a judicial action. *See, e. g., International Brotherhood of Electrical Workers v. G. P. Thompson*, 363 F.2d 181 (9th Cir. 1966); *Fur Dressers Union Local 2F v. DeGeorge*, 462 F.Supp. 890 (M.D.Pa.1978). These cases are distinguishable from *Associated Milk (supra)* for in the precedent cases, an arbitration was being conducted simultaneously with the federal suit, and in each case a bargaining agreement required the parties to exhaust arbitration remedies before seeking judicial review. It is the absence of a pending suit that requires this Court to review the case at bar in light of the precedent of *Associated Milk*.

While this Court does not dispute Local 261's contention that antitrust matters are not proper subjects for arbitration, the plaintiff has overlooked an important distinction between itself and the union in *Associated Milk*. In *Associated Milk*, the union had no opportunity to submit evidence on the illegality of a "most favored nation" clause because the Court granted plaintiff's motion for summary judgment, whereas here, *Zaucha* provided the Local with an available forum and opportunity to raise the defense. In the prior action Local 261 contended only that arbitration was its exclusive method of redress and failed to raise the related issue, the potential illegality of Article XIII. The need for the parties to proceed to arbitration at all depended upon the legality, under the antitrust laws, of a "most favored nation" clause. Had the Local raised the illegality of Article XIII in *Zaucha*, this Court, addressing itself to a tier of issues, would have logically reached the problem of illegality first, perhaps disposing of the need to consider the Local's claim for compulsory arbitration and resolving this problem three years earlier. After a trial on the merits of the case in *Zaucha*, this Court can only conclude that the Local's actions represented a conscious choice to proceed to arbitration waiving any available defenses.

This Court has been unable to find any prior case that holds the failure to plead an affirmative defense in a prior suit is a waiver of the defense in subsequent litigation between the same parties. Plaintiff's omission of an 8(c) defense, however, can be analogized to the failure to raise a compulsory counterclaim as provided for by Fed.R. Civ.P. 13(a). Fairness and convenience to the litigants and judicial economy are policies promulgated by the Federal Rules of Civil Procedure, specifically Rules 8(c) and 13(a). Both rules provide for a waiver in the event that an affirmative defense or a compulsory counterclaim is not raised.

■ Fed.R.Civ.P. 13(a) provides that a pleading shall state as a counterclaim "any claim which at the time of pleading the pleader has against any opposing party if it arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim ...". To determine if claims arise from the "same transaction or occurrence" the courts have devised a test that looks to the "logical relationship" among the claims. To conceptualize the "logical relationship" test the Third Circuit in *Great Lakes Rubber v. Herbert Cooper Co.*, 286 F.2d 631 (3rd Cir. 1961) determined that a relationship exists among multiple claims when they involve the same factual or legal issues or when the claims derive from the same basic controversy between the parties. If the test is met and separate trials would involve duplications of time and efforts by parties and courts, then in the interest of fairness, convenience and economy, the counterclaim must be litigated during the trial of the adversarial claim. Due to the similarities between Fed.R. Civ.P. 8(c) and 13(a), the "logical relationship" test of *Great Lakes Rubber* seems to be the appropriate legal standard in the instant case as well.

Applying the "logical relationship" test, this Court finds that the legality of Article XIII was an issue that merged into the indemnification controversy. Examining the procedural aspects of *Zaucha*, when defendant Castle Builders Supply was ordered to make pension payments to plaintiff Trus-

tees the defendant claimed it was entitled to indemnification from the third party defendant Local 261. Local 261 countered that indemnification was an issue to be settled by arbitration. The legality of Article XIII was related to the basic controversy between Castle Builders Supply and the Union since both parties were claiming rights and obligations under that provision. If Article XIII was found to have violated the antitrust laws then the issues of indemnification and arbitration would have been rendered moot and the controversy between the defendant concluded.

At the trial of *Zaucha*, plaintiff was content to proceed to arbitration to determine indemnification under Article XIII. Plaintiff's actions must be viewed as accepting the legality of the provision. If plaintiffs had a good faith belief that a "most favored nation" clause violated the antitrust laws then such a claim should have been raised in the prior suit. This Court cannot allow a party to relitigate an issue simply because of an adverse judgment.

Although some holdings of *Associated Milk* are applicable to the case at bar, the precedent case is not dispositive of this action because there is a meaningful distinction between a party's own choice not to raise an affirmative defense and a choice imposed by judicial grant of summary judgment. Defendant Castle Builders Supply's motion for summary judgment is granted.

■ Having disposed of the issue applicable to Castle Builders Supply only, the other defendants in this action raise two additional issues: whether Article XIII is subject to the labor exemption of the United States antitrust laws, and whether Article XIII of the parties' agreement violates the antitrust laws. This Court finds upon a reading of the briefs and affidavits submitted by both parties in support or opposition to the motion for summary judgment that there remains substantial matters in dispute. Therefore, the motions for summary judgment are denied as to the remaining members of the Lawrence-Mercer County Builders Association. An appropriate order shall issue.