**SOKKIA CREDIT CORPORATION,**
Plaintiff,

v.

**Veston W. BUSH, Jr., Defendant.**

No. CIV. A. 99–2480–GTV.

United States District Court,
D. Kansas.

June 12, 2001.

Kenneth E. Nelson, Nelson Law Firm, Kansas City, MO, for Plaintiff.

David M. Peterson, Jason L. Bush, Mitchell L. Burgess, Peterson & Assoc., P.C., Kansas City, MO, for Defendant.

## MEMORANDUM AND ORDER

VANBEBBER, Senior District Judge.

This diversity action is before the court on Defendant Veston W. Bush, Jr.'s motion to dismiss (Doc. 3). It is a breach of contract case—Plaintiff Sokkia Credit Corporation claims that Defendant discontinued payments on a lease agreement while retaining possession of the leased equipment. Defendant moves to dismiss Plaintiff's complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Defendant argues that this court lacks subject matter jurisdiction under 28 U.S.C. § 1332(a) because Plaintiff has not alleged a matter in controversy exceeding the sum or value of $75,000. Defendant argues that Plaintiff has failed to state a claim because Plaintiff's claims were compulsory counterclaims in a case that Defendant filed in Alabama state court, and because Plaintiff did not raise the claims in that litigation, Plaintiff is barred from raising them now.

The facts of this case were recounted by this court in an earlier opinion, 2000 WL

1472746 (Doc. 31), and the court does not repeat them here. In the earlier opinion, the court issued a stay of proceedings pending resolution of the Alabama case, which had been filed prior to the filing of the instant case. Subsequently, the Alabama court has dismissed Veston Bush, Jr.'s case and denied his motion to reconsider. The Alabama court held that a forum selection clause in the parties' lease agreement was "unambiguous as to its exclusiveness," and that the clause rendered the Alabama court an improper forum. Veston Bush, Jr. is appealing the Alabama decision. This court lifted the stay on March 23, 2001 (Doc. 44). Defendant's motion to dismiss is ripe for consideration, and for the reasons stated below, the court denies the motion.

## I. Lack of Subject Matter Jurisdiction

 Defendant contends that this court lacks subject matter jurisdiction over Plaintiff's case because Plaintiff has not alleged a matter in controversy exceeding the sum or value of $75,000. The court disagrees. When a party challenges a federal court's subject matter jurisdiction, his challenge may take one of two forms. In one form of challenge the party may facially challenge the complaint. A court reviewing a facial challenge must accept the plaintiff's factual allegations regarding jurisdiction as true. See *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir.1995). In the other form of challenge the party may attack the factual assertions in the complaint. A court reviewing a factual attack may not presume that the plaintiff's allegations are true. See *id.* Typically a party makes a factual attack by submitting affidavits and other documents. However, where affidavits or other documents fail to controvert the plaintiff's well-pleaded facts, the court must accept those facts as true. See *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir.1992).

Here, Defendant purports to make a factual attack on the complaint, but has presented no affidavits or other documents which contradict the relevant facts in Plaintiff's complaint. The court therefore accepts the facts pleaded as true, and evaluates the sufficiency of Plaintiff's complaint based on those facts.

28 U.S.C. § 1332(a) grants federal courts jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000 and there is diversity of citizenship. Defendant does not contest diversity of citizenship; he argues that Plaintiff has not pleaded the requisite amount in controversy. " 'When federal subject matter jurisdiction is challenged based on the amount in controversy requirement, the plaintiff[ ] must show that it does not appear to a legal certainty that [he] cannot recover at least $[75], 000.' " *Burrell v. Burrell*, No. 00–2031, 2000 WL 1113702, at *1 (10th Cir. Aug.7, 2000) (alterations in original) (quoting *Watson v. Blankinship*, 20 F.3d 383, 386 (10th Cir. 1994)). Plaintiff can meet this burden by " 'alleg[ing] with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, ... [by] support[ing] the allegation.' " *Id.* (alterations in original) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 82 L.Ed. 845 (1938)).

 Plaintiff contends that this court has jurisdiction for two reasons. First, Plaintiff directs the court to a settlement agreement (negotiated after an earlier breach of the lease agreement) where Defendant stipulated that "the amount in controversy, if default on this agreement occurs, exceeds $75,000 and that jurisdiction in any federal or state court in the State of Kansas is proper." Plaintiff argues that because Defendant stipulated that the amount in controversy exceeds the juris-

dictional minimum, he is now estopped from challenging jurisdiction. The Tenth Circuit rejected such an argument in *Huffman v. Saul Holdings Ltd. Partnership*, stating that "the parties cannot 'concede' jurisdiction by agreeing that the jurisdictional amount requirement has been satisfied. The court's obligation to determine the presence of the appropriate amount in controversy is independent of the parties' stipulations." *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1079 n. 4 (10th Cir.1999) (citing *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.1995)). Under Tenth Circuit law, Defendant's concession that the amount in controversy exceeds $75,000·does not establish this court's jurisdiction.

■ Plaintiff next argues that, on the face of the complaint, Plaintiff has alleged an amount in controversy in excess of $75,000. The court agrees. As noted above, Plaintiff's burden is to show that " 'it does not appear to a legal certainty that [Plaintiff] cannot recover at least $[75], 000.' " *Burrell*, 2000 WL 1113702, at *1 (second alteration in original) (quoting *Watson*, 20 F.3d at 386). Judge Marten of this court recently cited Federal Practice and Procedure to explain the impact of this burden:

> Generally speaking, the judicially established legal-certainty test makes it very difficult for the defendant to secure a dismissal of a case on the ground that it does not appear to satisfy the statutory jurisdictional amount requirement. Only three situations clearly meet the legal-certainty standard for purposes of defeating the court's subject matter jurisdiction: 1) when the terms of a contract limit the plaintiff's possible recovery; 2) when a specific rule of substantive law or measure of · damages limits the amount of money recoverable by the plaintiff; and 3) when independent facts show that the amount of

damages was claimed by the plaintiff merely to obtain federal court jurisdiction.

*Gerig v. Krause Publ'ns, Inc.*, 58 F.Supp.2d 1261, 1264 (D.Kan.1999) (quoting 14B Wright, Miller & Cooper, Federal Practice & Procedure, Jurisdiction 3d § 3702, at 97–101 (1998) (footnotes omitted)). In the instant case, Defendant has not argued that either the contract or the law limits Plaintiff's recovery. Furthermore, the record does not indicate that Plaintiff is claiming damages over $75,000 merely to satisfy federal court jurisdictional requirements. Plaintiff's complaint claims the following damages:

> Unpaid balance due on the lease $45,264.39
>
> Continually accruing late charges $309.67/month
>
> Value of the leased equipment (retail) $61,335.00
>
> Incidental and consequential damages Unspecified
>
> Interest Unspecified
>
> Costs and expenses, including attorney fees Unspecified
>
> Punitive damages Unspecified

Defendant urges the court to focus only on the unpaid lease balance and late fees. By Defendant's calculations, Plaintiff has pleaded damages totaling less than $50,000. This calculation fails to account for the value of the allegedly unreturned leased equipment. Plaintiff also asks for the retail value of the equipment, $61,335. There is nothing in the record to suggest that this amount is pleaded in bad faith. Adding this amount to the unpaid balance due on the lease, Plaintiff has pleaded an amount well in excess of $75,000. The court concludes that Plaintiff has met the amount in controversy requirement, and that this court has subject matter jurisdiction over the dispute. Venue is also prop-

er in this court pursuant to a forum selection clause in the lease agreement.

## II. Compulsory Counterclaims

██ Defendant also argues that Plaintiff's case should be dismissed because the claims involved were compulsory counterclaims in the first-filed Alabama action, and thus should have been raised in Alabama. Again, the court disagrees. Defendant posits that federal law governs whether the claims should be barred. Whether federal law or state law applies, the result is the same. Both Fed.R.Civ.P. 13(a) and Alabama R. Civ. P. 13(a) provide:

A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

A compulsory counterclaim not pleaded is barred from being claimed in a subsequent action. See *Brooks v. Peoples Nat'l Bank of Huntsville,* 414 So.2d 917, 920 (Ala. 1982); *Driver Music Co. v. Commercial Union Ins. Cos.,* 94 F.3d 1428, 1435 (10th Cir.1996) (citing *Avemco Ins. Co. v. Cessna Aircraft Co.,* 11 F.3d 998, 1000 (10th Cir. 1993)).

Here, the parties do not quibble over whether Plaintiff's claims meet the ordinary criteria for compulsory counterclaims. Instead, the parties disagree as to whether the presence of a forum selection clause in the lease agreement alters the impact of the compulsory counterclaim rule. The lease agreement contains a forum selection clause providing that Defendant consents to the "exclusive jurisdiction and venue" of Kansas courts. Defendant posits that the

compulsory counterclaim rule speaks for itself: Plaintiff was required to raise its claims in the Alabama action or lose them. Plaintiff counters that the forum selection clause rendered the Alabama action improper. Because the Alabama action was improper, Plaintiff contends, its failure to raise the instant claims in Alabama should not bar the claims. The court agrees with Plaintiff.[1]

At issue is whether a party must file a compulsory counterclaim in an improper forum to avoid having that claim barred in a proper forum. This is an issue that neither the 10th Circuit nor Alabama state court has decided. The Seventh Circuit, however, addressed a similar issue in *Publicis Communication v. True N. Communications Inc.,* 132 F.3d 363 (7th Cir.1997). In *Publicis Communication,* two companies, Publicis and True North, entered into an agreement containing the following clause: "Any claim arising out of a request under Section 1.1 of this Agreement shall be brought only in a court of the State of Delaware or in a United States District Court located within the State of Delaware." *Publicis Communication,* 132 F.3d at 365. When relations went sour, True North sued Publicis in Delaware state court. See *id.* Publicis then sued True North in federal district court in Chicago, Illinois, and True North counterclaimed. See *id.* At issue was whether the federal court should have entertained the counterclaim, which was compulsory. See *id.* The Seventh Circuit held that the federal district court should not have considered the counterclaim:

By agreeing to litigate in Delaware all claims arising out of requests under § 1.1 of the ... agreement, True North promised not to assert such claims in other forums whether or not they would

---

1. Plaintiff also makes several other arguments, but this opinion does not address them because the court finds for Plaintiff on this argument alone.

be "compulsory" counterclaims, and Publicis promised not to contend (in Delaware) that True North should have raised the claim somewhere else. By presenting the claim in Chicago, True North broke its promise. The district court should have enforced the ... agreement by dismissing the counterclaim.

*Id.* at 366. In deciding that the district court should have dismissed the counterclaim, the Seventh Circuit likened the situation to a broken promise to arbitrate:

Publicis did not in so many words promise not to invoke the defense of preclusion in Delaware, but any forum selection clause has this effect. If the parties promise to litigate a dispute only in a particular forum, a party to the contract cannot seek to bar the litigation in that forum because the claim was not presented in some other forum. So much would be clear if Publicis and True North had agreed to arbitrate any dispute arising out of the ... agreement. [ ] *Local [Union] No. 11 v. G.P. Thompson Electric, Inc.*, 363 F.2d 181 (9th Cir.1966), holds that a dispute covered by a contract's arbitration clause need not—indeed, may not—be asserted as a compulsory counterclaim in litigation. An arbitration clause is just a particular kind of forum-selection clause.

*Publicis Communications*, 132 F.3d at 366 (citations omitted). This court finds the reasoning of the Seventh Circuit persuasive.

As the Seventh Circuit recognized, the Ninth Circuit has held that an arbitrable claim need not be asserted as a compulsory counterclaim to avoid waiver: "If one of the disputing parties could, by filing a complaint alleging a grievance outside the scope of the agreement for arbitration, force his opponent to by-pass arbitration and assert his counterclaims as to controversies otherwise arbitrable, the desired intent and purpose of arbitration agreements could be effectively frustrated." *Local Union No. 11*, 363 F.2d 181, 185; see also *Bristol Farmers Mkt. & Auction Co. v. Arlen Realty & Dev. Corp.*, 589 F.2d 1214, 1220 (3d Cir.1978) ("A compulsory counterclaim not raised in the first action is barred in subsequent litigation.... It does not follow, however, that the claim is also barred from consideration in subsequent Arbitration proceedings."). I conclude that the same rationale should apply in the instant case. I hold that Plaintiff's claims are not barred by the compulsory counterclaim rule under the circumstances of this case.

IT IS, THEREFORE, BY THE COURT ORDERED that Defendant's motion to dismiss (Doc. 3) is denied. Copies of this order shall be mailed to counsel of record.

**IT IS SO ORDERED.**